15649: NOWELL *v.* THE STATE.

In recharging the jury on the law of riot the court (under the facts of the case) erred in merely charging the definition of riot as given in section 360 of the Penal Code, thereby omitting the essential elements of the offense, to wit, a common intent and a concert of action in the furtherance of such intent.

DECIDED JULY 15, 1924.

Accusation of riot; from city court of Miller county—Judge Geer. April 19, 1924.

*House & Goree, H. G. Rawls,* for plaintiff in error.

*P. D. Rich, solicitor, Jesse A. Drake, P. Z. Geer,* contra.

BROYLES, C. J.   The defendant was on trial for the offense of riot. The jury, after deliberating on the case for several hours, requested the court to recharge them on the definition (law?) of riot, and the court recharged them as follows: "This accusation alleges that J. M. Spooner and W. S. Nowell did on the 11th of January, 1924, in Miller county, then and there unlawfully and with force and arms did then and there commit an unlawful act of violence in a violent and tumultuous manner, to wit, did then and there, acting with a common intent, make an unlawful assault on one B. E. Houston, and did then and there attempt to commit a personal injury upon said B. E. Houston. I charge you that assault is an attempt to commit violent injury upon the person of another. I charge you that riot as defined by the code says that 'if two or more persons do an unlawful act of violence, or any

other act in a violent and tumultuous manner, they shall be guilty of a riot, and be punished as for a misdemeanor.' I charge you that riot as defined by the code says that if two or more persons do an unlawful act of violence, they shall be guilty of riot and they shall be punished as for misdemeanor. I charge you further that if two or more persons do any other act in a violent and tumultuous manner, they shall be guilty of riot and shall be punished as for misdemeanor."

In his motion for a new trial the defendant excepted to the last sentence in the recharge, to wit, "I charge you further that if two or more persons do any other act in a violent and tumultuous manner, they shall be guilty of riot and shall be punished as for a misdemeanor," on the ground that it eliminated the essential elements in the offense of riot, to wit, a common intent and a concert of action in furtherance of such intent. We think the exception was well taken. "To constitute the offense of riot, there must be not only a common intent on the part of two or more persons to do an unlawful act of violence or some other act in a violent and tumultuous manner, but also concert of action in furtherance of such intent." *Coney* v. *State*, 113 *Ga.* 1060 (39 S. E. 425), and citations. This error requires another hearing of the case.

The other special grounds of the motion for a new trial are without substantial merit.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*